IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:20-CV-163-BO

| | |
|---|---|
| GARY L. SWANSON,<br>　　　　Plaintiff, | )<br>)<br>) |
| v. | ) 　　ORDER |
| | ) |
| CAROLINA FRESH WATER LLC, *et al.*,<br>　　　　Defendants. | )<br>)<br>) |

This cause comes before the Court on several pending motions, including plaintiff's motion to amend/correct complaint, motion for preliminary injunction, motion for show just cause, motion for contempt and sanctions, motion for summary judgment, and motion to strike. Also pending before the Court is a motion by Jerry H. Walters to correct the docket or in the alternative to dismiss and a motion by defendants Carolina Fresh Water, LLC and Sid Smith to dismiss. The appropriate responses and replies have been filed, or the time for doing so has expired, and the matters are ripe for ruling.

## BACKGROUND

Plaintiff, hereinafter Swanson or plaintiff, proceeding *pro se*, initiated this case by filing a complaint naming Carolina Fresh Water LLC and Sid Smith, the owner of Carolina Fresh Water as defendant one and defendant two in a form complaint. Jerry H. Walters, attorney for Carolina Fresh Water with the firm of Littler Mendelson P.C., and Emily C. Pappas and Joel Turner, attorneys for workman comp/Hartford Insurance with the firm of Hedrick Gardner Kincheloe & Garofalo LLP, are also listed in the complaint, but are not listed as numbered defendants.[1]

---

[1] It appears that summonses for the attorney defendants were not filed by plaintiff for issuance.

Swanson alleges that he was employed by Carolina Fresh Water from August 2018 to July 6, 2019, in sales and plumbing installation and service. Swanson alleges that he was not paid the minimum wage, not paid overtime, and that he suffered retaliation from his employer for filing a complaint with the North Carolina State Board for Plumbing Contractors and for filing a Form 33 Notice of Injury with the North Carolina Industrial Commission. Swanson's complaint alleges claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, and relevant state, city, or county law. He seeks $135,556 for back pay and future pay as well as exemplary and special damages of $542,224 for permanent disability, intentional infliction of emotional distress, and future vocational and career retraining and ongoing medical expenses. Swanson further seeks any additional remedies that may be allowed by North Carolina or federal law against the law firms of Littler Mendelson P.C. and Hedrick Gardner Kincheloe & Garofalo LLP for defamation, libel, and slander. [DE 1].

## DISCUSSION

I.   Motion to correct/dismiss by Walters.

Jerry Walters, counsel for defendants Carolina Fresh Water and Sid Smith, moves the Court to correct the docket because he was improperly identified as a defendant or in the alternative to dismiss any claim alleged against him for failure to state a claim. Although the Court agrees with attorney Walters that Swanson has marked out the heading "defendant" as it relates to Walters, as well as Pappas and Turner *see* [DE 1 at 2], Swanson also lists the law firms associated with these attorneys in his request for relief seeking damages for defamation, libel, and slander. *Id.* at 5; *see also* [DE 6]. Accordingly, and construing plaintiff's complaint liberally,

2

the Court declines to direct the clerk to correct the docket. However, for the reasons discussed below, Swanson has failed to state a claim and attorney Walter's motion to dismiss is granted.[2]

II.     Motion for injunctive relief.

Plaintiff's motion seeking preliminary injunctive relief is denied. Swanson argues in his memorandum in support of injunctive relief that there are no facts that the defendants can present to the United States government in regard to this case[3] and that Swanson is in fear of further financial and emotional abuse by the defendants. In support of his motion, Swanson has filed an affidavit in which he acknowledges that he was employed by Carolina Fresh Water from August of 2018 to July 6, 2019; that his supervisor left in May 2019 and Swanson was asked if he would like to take that position, but for $200 per week as opposed to $100,000 per year which research revealed his former supervisor received; and that Swanson feels defendant Smith was trying to rent plaintiff's license instead of paying him a salary. Plaintiff states he elected to continue in his old position until he was terminated. Plaintiff further states that he believes the firm is renting another person's license who is not involved with the business.

"A preliminary injunction is an extraordinary and drastic remedy." *Munaf v. Geren*, 553 U.S. 674, 689 (2008) (quotation and citation omitted). A movant must make a clear showing of each of four elements before a preliminary injunction may issue: (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

---

[2] The docket further reflects that Carolina Fresh Water LLC/Speaks Teleservices is a defendant in this case. Review of plaintiff's complaint reveals, however, that this entity was listed as the place where plaintiff was employed by defendant(s) under Section C of the complaint, and not as a defendant under Section B of the complaint. Accordingly, and to avoid confusion, the clerk is DIRECTED to terminate Carolina Fresh Water LLC/Speaks Teleservices as a defendant in this action.

[3] Incorrectly cited as case No. 7:20-CV-00162, which the Court presumes is a typographical error.

3

(3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Swanson has fallen well-short of satisfying the standard for preliminary injunctive relief. He has failed to make a clear showing of any of the requisite elements, instead offering no more than conclusory statements that he would suffer financial and emotional harm, and his motion is appropriately denied.

III. Motions to dismiss and motion to amend the complaint.

Defendants Carolina Fresh Water, Sid Smith, and Jerry Walters seek to dismiss the complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).[4]

Rule 8 of the Federal Rules of Civil Procedure "requires only a short and plain statement of the claim showing that the pleader is entitled to relief" and which provides "the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations, alterations, and citations omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted).

---

[4] To the extent they have been named as defendants, no summonses have been issued for Emily C. Pappas and Joel Turner, attorneys for workman comp/Hartford Insurance with the firm of Hedrick Gardner Kincheloe & Garofalo LLP, and they have not appeared in this action.

4

Although *pro se* pleadings are entitled to liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), Swanson's complaint fails to allege sufficient facts to support the legal elements of any claim he appears to allege. To state a claim for violation of the Fair Labor Standard Act's minimum wage and overtime provisions, a plaintiff must allege that he was employed by the defendant, that he was a covered employee, that he was either not compensated for all hours worked at a rate equal to or greater than the applicable minimum wage or worked more than forty-hours per week and was not compensated at a rate of 1.5 times his regular rate for each hour worked above forty hours per workweek, and that no statutory exemptions apply. *Ergashov v. Glob. Dynamic Transportation, LLC*, 680 F. App'x 161, 162 (4th Cir. 2017) (unpublished); *Armento v. Asheville Buncombe Cmty. Christian Ministry, Inc.*, No. 1:17-CV-00150-MR-DLH, 2019 WL 1382504, at *8 (W.D.N.C. Mar. 27, 2019).

Swanson has alleged that he was employed by defendant Carolina Fresh Water, but he has failed to allege sufficient facts to show that he was a covered employee or that he was not paid minimum wage. Although Swanson alleges he worked approximately sixty-hours per week, plaintiff's reference to stock and inventory work that was expected to be done without compensation does not sufficiently demonstrate that this work was done in excess of the forty-hours per week. Finally, Swanson fails to allege that any statutory exemptions do not apply.

Swanson's claim for retaliation under the Fair Labor Standards Act is similarly deficient.

> A plaintiff asserting a prima facie claim of retaliation under the FLSA must show that (1) he engaged in an activity protected by the FLSA; (2) he suffered adverse action by the employer subsequent to or contemporaneous with such protected activity; and (3) a causal connection exists between the employee's activity and the employer's adverse action.

*Darveau v. Detecon, Inc.*, 515 F.3d 334, 340 (4th Cir. 2008). In support of his retaliation claim, Swanson alleges that he was retaliated against by his employer for filing a complaint with the

5

North Carolina State Board for Plumbing Contractors and for filing a Form 33 notice of injury with the North Carolina Industrial Commission. Swanson also lists additional file numbers, including for an EEOC charge. Finally, Swanson lists case numbers of other civil actions filed by him in this and other courts.

First, it is unclear from Swanson's allegations whether he has alleged that he engaged in activity protected by the FLSA, meaning that he filed a complaint *regarding* FLSA violations. 29 U.S.C. § 215(a)(3); *Minor v. Bostwick Lab'ys, Inc.*, 669 F.3d 428, 438 (4th Cir. 2012). Attached to plaintiff's complaint are an order of the North Carolina State Board of Examiners of Plumbing, Heating and Fire Sprinkler Contractors regarding the plumbing contractor licensure of Arlan Freeman and Carolina Fresh Water, Compl. Ex. A, and well as a cover letter indicating the dismissal without prejudice of a claim by Swanson against Carolina Fresh Water and The Hartford as carrier in the North Carolina Industrial Commission. Compl. Ex. B. Neither document appears to show that Swanson complained about violations of the Fair Labor Standards Act. The citations to other case files and numbers are insufficient to allege protected activity.

Additionally, Swanson has alleged no facts which would support that he suffered adverse employment action subsequent to or contemporaneous with any alleged protected activity, or that a causal connection exists between any alleged protected activity and any alleged adverse employment action. Accordingly, this claim is properly dismissed.

Swanson seeks damages for intentional infliction of emotional distress, but he has failed to identify with any specificity against whom this claim is alleged nor has he alleged any facts in support. Finally, in a single sentence, Swanson seeks damages, to the extent they may be available, from the law firms of Littler Mendelson and Hedrick Gardner Kincheloe & Garofalo

6

for defamation, libel, and slander. Swanson offers no factual allegations in support of this claim, insofar as it can be construed as one. Any defamation claim that has been alleged against these two law firms is dismissed.

IV.     Motion to amend complaint.

Plaintiff's motion to amend his complaint is denied as his proposed amendments are futile. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or with leave of the court. Fed. R. Civ. P. 15(a)(1)–(2). *Id.* at 15(2). Further, Rule 15 directs that leave to amend be freely given when justice requires. "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citations omitted). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Food Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is "futile if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (citation omitted).

In his motion to amend, Swanson attempts to add factual allegations to support his FLSA claims and further seeks to add a qui tam cause of action under the Racketeer Influenced and Corrupt Organizations (RICO) Act.

First, Swanson's additional allegations identified in his request to amend his complaint are insufficient to cure any deficiencies in his FLSA claims alleged in his original complaint. For example, in his motion to amend Swanson asserts that his paychecks were withheld, but he fails

7

to assert when paychecks were withheld, under what circumstances, how much he was being paid, or how much of his pay was withheld.

Second, Swanson has failed to plausibly allege a violation of the RICO statutes. Swanson appears to allege a RICO claim against the law firms of Littler Mendelson and Hedrick Gardner Kincheloe & Garofalo, which plaintiff contends provided legal services and accounting advice for Sid Smith and Carolina Fresh Water LLC. Swanson then argues that professional service providers such as attorneys and accountants are not immune from RICO liability, and that the company name "Carolina Fresh Water" along with digital and print media and invoices that have been provided to a North Carolina Department of Labor investigator show criminal intent to mislead and confuse. The Court is unable to discern what if any activity Swanson would allege has violated the RICO statutes, and he has simply failed to allege any plausible RICO violation by any defendant named or identified in this action. Accordingly, plaintiff's motion to amend is denied.

V.    Remaining motions.

Swanson has also filed the following motions which on their face fail to demonstrate he is entitled to any relief: motion for show just cause; motion for contempt and sanctions; motion for Article 134 Recommendation against Jay Cronley; motion for summary judgment; motion to strike; and amended motion to strike. Each of the foregoing motions is denied.

CONCLUSION

Accordingly, for the reasons discussed above, defendant Walter's motion to correct or in the alternative to dismiss [DE 9] is GRANTED IN PART and DENIED IN PART; defendants Carolina Fresh Water and Sid Smith's motion to dismiss [DE 10] is GRANTED; plaintiff's motion to amend/correct complaint [DE 15] is DENIED; plaintiff's motion for preliminary

8

injunction [DE 17] is DENIED; plaintiff's motion for show just cause [DE 19] is DENIED; plaintiff's motion for contempt and sanctions [DE 22] is DENIED; plaintiff's motion for Article 134 Recommendation against Jay Cronley [DE 26] is DENIED; plaintiff's motion for summary judgment [DE 28] is DENIED; and plaintiff's motion to strike [DE 31] and amended motion to strike [DE 32] are DENIED.

Plaintiff has failed to plausibly allege any claim and his complaint is hereby DISMISSED in its entirety. The clerk is DIRECTED to close this case.

SO ORDERED, this __25__ day of March, 2021.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE